UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DEE SCOTT,

    Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

    Defendants.
_____/

Case No. 2:23-cv-13125

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT [21]**

Plaintiff Donald Scott sued Defendants Heidi Washington, Kim Cargor, Curtis Beard, Jason Flynn, Vincent Libiran, Shelby Swihart, Ashley Nelson, Brian Shipman, Edwin Heap, Anthony King, Crissa Blankenburg, Timothy Flanagan, Adrianne Van Langevelde, and Kevin Tolsma. ECF 1. Plaintiff alleged that Defendants wrongfully classified him as a sex-offender, and that the classification effected his eligibility for parole and required him to participate in the Michigan Sexual Abuse Prevention Program—all of which violated his due process rights under 42 U.S.C. § 1983. ECF 1; ECF 8, PgID 39. Defendants Washington, Cargor, Beard, Flynn, Libiran, Swihart, Shipman, Blankenburg, Flanagan, Van Langevelde, and Tolsma[1] moved for summary judgment and argued that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). ECF 21.

---

[1] The instant Order will refer to the moving Defendants collectively as "Defendants."

1

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Defendants argued that Plaintiff failed to exhaust his administrative remedies as required by the PLRA because (1) he did not name all the Defendants in his grievances and (2) his grievances against those Defendants whom he named,

2

Shipman, Flynn, and Swihart, were not properly exhausted because the grievances "were rejected during the grievance process." ECF 21, PgID 111; *see also id.* at 110. The Court will deny the motion because genuine issues of fact preclude summary judgment on both issues.

Under the PLRA, inmates must exhaust their administrative remedies before bringing a claim under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a). "The PLRA does not provide a uniform federal exhaustion standard; rather the inmate's correctional institution defines the applicable procedural rules that the inmate must follow to exhaust his administrative remedies." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Bock*, 549 U.S. at 218. Because exhaustion is an affirmative defense, PLRA defendants bear "the burden of proving that [an inmate] has not exhausted his administrative remedies." *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012).

In the instant case, Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 establishes procedural rules an inmate must follow to exhaust their administrative remedies. *See* ECF 21-2. An inmate successfully exhausts their administrative remedies when they receive a merits-based response at each step of MDOC's grievance process. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022) ("The grievance process is exhausted once the final response is issued in Step III."). Although an inmate "must exhaust available remedies, [he] need not exhaust

3

unavailable ones." *Ross v. Blake*, 278 U.S. 632, 642 (2016) (citing 42 U.S.C. § 1997e(a)).

First, although Plaintiff did not name several Defendants in his grievances, see ECF 21-3, genuine issues of fact preclude summary judgment. To be sure, "[i]f a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted." *Merriweather v. Zamora*, No. 04 CV 71706 DT, 2006 WL 2711809, at *9 (E.D. Mich. Sept. 21, 2006) (citing *Curry v. Scott,* 249 F.3d 493 (6th Cir. 2001)); *see also Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002). One exception applies, however, when the plaintiff does not know, and cannot reasonably discover, the person's name. *See Thomas v. Woolum,* 337 F.3d 720, 734 (6th Cir. 2003), ("[A]n inmate need not identify each officer by name when the identities of the particular officers are unknown."), *abrogated on other grounds by Woodford v. Ngo*, 548 U.S. 81, 87, (2006); *see also Brown v. Sikes*, 212 F.3d 1205, 1207–08 (11th Cir. 2000).

Plaintiff's grievance JCS-22-09-0793-28C is against an unknown individual who oversees administrative hearings. ECF 21-3, PgID 158. In the grievance, Plaintiff complained that a hearing officer denied his request for a hearing on the issue of whether Plaintiff was wrongfully classified as a sex-offender. *Id.* Taking the facts in the light most favorable to Plaintiff suggests that Plaintiff did not know who was responsible for denying his request for a hearing and was thus unable to name them expressly in his grievance. Defendants must prove that Plaintiff failed to exhaust his administrative remedies as an affirmative defense, *Bock*, 549 U.S. at 216

4

—but Defendants simply did not address grievance JCS-22-09-0793-28C. The Court therefore cannot determine on the current record whether any of the Defendants not expressly named in Plaintiff's other grievances are the unnamed officer in grievance JCS-22-09-0793-28C.

Moreover, although MDOC rejected grievance JCS-22-09-0793-28C, a reasonable jury could find that the rejection was improper. The cited reason for the rejection is "multiple issues" (i.e., Defendant did not limit his grievance to one issue). *Id.* at 159. But the grievance seems to address only the denial of an administrative hearing in relation to Plaintiff's classification as a sex-offender. *See id.* at 158. Because a reasonable jury could find that grievance JCS-22-09-0793-28C was improperly rejected, it may form the basis for Plaintiff's claim against the unnamed administrative officer. *See Bock*, 549 U.S. at 218 ("Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"). In sum, genuine issues of material fact exist concerning whether Plaintiff exhausted his administrative remedies against Defendants Washington, Cargor, Beard, Libiran, Blankenburg, Flanagan, Van Langevelde, and Tolsma. The Court will therefore deny the summary judgment motion as to those Defendants without prejudice.

Second, genuine issues of fact preclude summary judgment for Defendants Shipman, Flynn, and Swihart. Plaintiff filed grievances against Defendant Shipman, JCS-22-09-0829-28a, Defendant Flynn, JCS-22-09-0794-28c, and Defendant Swihart, JCS-22-02-0214-28c. ECF 21, PgID 101. MDOC rejected the grievance against Defendant Shipman as "duplicative [of] JCS-22-08-0761-28E." *Id.* at 177. Plaintiff,

5

however, alleged that the grievances concerned incidents occurring on different dates and are therefore not duplicative. *Id.* at 176. Defendants did not provide grievance JCS-22-08-0761-28E for review. *See generally* ECF 21. On the present record, a reasonable jury could find that the grievances were not duplicative. Defendant Shipman therefore is not entitled to summary judgment. *See Bock*, 549 U.S. at 218 ("Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'").

MDOC also rejected the grievances against Defendants Flynn and Swihart citing "multiple issues." ECF 21-3, PgID 185, 190. MDOC policy prevents prisoners from grieving multiple *unrelated* issues in a single grievance. ECF 21-2, PgID 117. MDOC's rejection of Plaintiff's grievances did not explain whether the issues were unrelated. And after reviewing the grievances, a reasonable jury could find that Plaintiff did not grieve multiple issues, let alone unrelated issues. *See* ECF 21-3, PgID 186, 191. Because a reasonable jury could find that MDOC improperly denied Plaintiff's grievances, Defendants Flynn and Swihart are not entitled to summary judgment. *See Bock*, 549 U.S. at 218.

In sum, genuine issues of material fact exist concerning whether Plaintiff properly exhausted his administrative remedies. The Court will deny the motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary

judgment [21] is **DENIED**.

      **SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: August 22, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 22, 2024, by electronic and/or ordinary mail.

                                        s/ R. Loury
                                        Case Manager