UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DEE SCOTT,

          Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

          Defendants.

Case No. 2:23-cv-13125

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING IN PART
MOTION FOR EXCESS PAGES [46] AND MOTION TO DISMISS [47]**

Plaintiff Donald Scott, a prisoner at the Central Michigan Correctional Facility, sued Defendants for violating his procedural due process rights under the Fourteenth Amendment. ECF No. 1, PageID.2. Plaintiff alleged that Defendants assigned him to a sex offender program even though his conviction does not qualify as a sex offense. *Id.* at PageID.4, 8–9. According to Plaintiff, his failure to complete the program affected his ability to be paroled. *Id.* at PageID.9. Plaintiff alleged that he has a liberty interest in not being classified as a sex offender and argued that his assignment to the program without a hearing (and its impact on his opportunity for parole) deprived him of his rights without due process. *Id.* at PageID.8–9.

Previously, the Court partially dismissed Plaintiff's claims, denied Defendants' motion for summary judgment, and Plaintiff's request for a preliminary injunction. ECF Nos. 8, 37, 44. Defendants then moved to dismiss the complaint and moved for leave to file excess pages. ECF Nos. 46, 47. The Court will grant the motion for leave

1

to file excess pages. ECF No. 46. And, for the reasons below, the Court will grant in part the motion to dismiss.

## BACKGROUND[1]

Plaintiff was convicted of capturing and distributing images of an unclothed person without consent in violation of Michigan Compiled Laws § 750.539j. ECF No. 43-2, PageID.442. As a result, Plaintiff received a 3-to-15-year sentence, which he began on February 28, 2019. *Id.* On March 11, 2019, the Michigan Department of Corrections (MDOC) used the "Static-99-R" to assess Plaintiff. ECF No. 43-3 (Plaintiff's Static-99-R). The Static-99-R is a statistical assessment tool widely used by correctional professionals in the United States to estimate an inmate's relative risk of problematic sexual behavior based on objective historical facts. ECF No. 43-4, PageID.451. It helps MDOC target and recommend treatment for criminal behaviors and thereby prevent recidivism. *Id.* at PageID.452, 456. Although MDOC does not screen prisoners using the Static-99-R absent "some indication of prior sexually problematic behavior," that absence does not mean that a prisoner must be *convicted* of a sexual offense to be screened. *Id.* at PageID.452. When the Static-99-R generates a score for an inmate, it relies on historical information obtained from the prisoner's presentence investigation report, police reports, probation or parole violation reports, and other forms of official criminal justice information. *Id.* at PageID.452.

---

[1] Although the Court incorporates the background from its earlier order, ECF No. 44, for the purposes of the motion to dismiss, it will take all of Plaintiff's well-pleaded facts as true and will not consider exhibits not attached to or embraced by the complaint, unless otherwise noted.

Plaintiff's Static-99-R score indicated that he had a moderate-to-high risk of problematic behaviors. ECF No. 43-3, PageID.448. As a result, MDOC recommended him for the Michigan Sexual Abuse Prevention Program (MSAPP). ECF No. 43-4, PageID.455. MDOC officials told Plaintiff multiple times that the program was voluntary. ECF No. 43-6, PageID.465, ECF No. 43-7, PageID.467. After his referral to the program, Plaintiff completed the first phase of MSAPP treatment, agreed to participate in later phases of the program, and attended a handful of sessions. ECF No. 43-6, PageID.464–65. But while he attended the sessions, Plaintiff either "failed to engage at all," or brought up how his "offense isn't even sexually [sic] in nature." *Id.* at PageID.464. Ultimately, because Plaintiff was unwilling to cooperate with treatment, he was terminated from the program. *Id.*

The Parole Board declined to parole Plaintiff on three separate occasions. ECF No. 1, PageID.7; ECF No. 43-8, PageID.469. The latest denial occurred on December 20, 2023. ECF No. 43-8, PageID.469. In its decision, the Parole Board considered Plaintiff's refusal to participate in MSAPP as one factor among several in denying parole. *Id.* at PageID.469–70.

## LEGAL STANDARD

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the

3

complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

The Court previously screened Plaintiff's complaint under 28 U.S.C. § 1915(e). ECF No. 8. As a result, it dismissed certain Defendants and dismissed Plaintiff's claims concerning alleged supervisory liability and the failure to investigate/denial of grievances, the claims alleging a right to parole, and the claims for monetary damages or any relief, other than prospective injunctive relief, against the Defendants who are sued in their official capacities. *Id.* at PageID.40. The Court noted that Plaintiff's claims against Defendants that challenged his classification as a sex offender without

the opportunity for a hearing to dispute that classification and his claims about the requirement that he participate in the MDOC's MSAPP to be eligible for parole, construed liberally, state potential, plausible claims for relief under § 1983. *Id.* at PageID.39 (citing *Harper v. Arkesteyn*, No. 19-1928, 2020 WL 4877518, at *3 (6th Cir. Apr. 28, 2020) (holding that a prisoner's claim that he was improperly classified as a sex offender without the opportunity to be heard affecting his parole eligibility is not subject to dismissal at the screening stage as it may constitute a due process claim). Since then, however, the landscape has shifted. *McClendon El v. Washington*, No. 24-1849, 2025 WL 2027841, at *4 (6th Cir. July 21, 2025) (recommended for publication). Defendants raised numerous grounds for dismissal in their motion and the Court will address each in turn.

## I.     Eleventh Amendment Immunity

Defendants first argued that Washington, Heap, Blackenburg, King, Flanagan, VanLangvelde, Cargor, Beard, and Flynn are entitled to immunity from Scott's claims for money damages against them in their official capacities. ECF No. 47, PageID.528. The Court already held that those Defendants are entitled to immunity in their official capacities on the claims. ECF No. 8, PageID.39. The Court will therefore deny the request as moot.

## II.    Qualified Immunity

The Court previously dismissed all of Plaintiff's claims except his due process claim challenging his classification as a sex offender. ECF No. 8. Because Defendants are entitled to qualified immunity, the Court will dismiss the due process claim as

well. Qualified immunity applies when "conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*. (quotation marks and quotation omitted). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011).

In sum, whether government actors are entitled to qualified immunity requires the Court to determine that both (1) a violation of a constitutional right occurred and (2) that right was clearly established at the time of the violation. *Baynes v. Cleland*, 799 F.3d 600, 609–10 (6th Cir. 2015). The Court may address the prongs in either order. *Pearson*, 555 U.S. at 236. If the answer to either question is "no," the officials are entitled to qualified immunity.

### A. *Violation of Constitutional Right*

The Court will first address whether the complained-of conduct plausibly violated the Constitution. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must establish the deprivation of a constitutionally protected liberty or property interest. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). A prisoner can be deprived of his liberty such that due process is required in two contexts: (1) when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court;

6

or (2) when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilson v. Smith*, No. 23-11666, 2024 WL 4349179, at *8 (E.D. Mich. Sept. 30, 2024); *see Sandin v. Conner*, 515 U.S. 472, 484–87 (1995).

Defendants argued that Plaintiff's due process claim must fail because he does not have a protected liberty interest "in voluntary preconditions of parole" or in removing information from his file. ECF No. 47, PageID.536. The Court agrees that Plaintiff failed to demonstrate a protected liberty interest. First, Plaintiff has no right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979). It follows then that referring an inmate, who is not a sex-offender, to sex-offender counseling as a pre-condition of parole does not violate due process. *Kramer v. Donald*, 286 F. App'x 674, 677 (11th Cir. 2008). In other words, imposing parole-eligibility requirements does not violate due process because inmates do not have a protected liberty interest in parole. *McClendon El*, 2025 WL 2027841, at *4; *Bridges v. McCauley*, No. 1:25-cv-343, 2025 WL 1450365, at *5 (W.D. Mich. May 21, 2025) (noting that when "prisoners do not have a protected liberty interest in parole, like in Michigan, a condition or voluntary prerequisite for parole cannot enjoy due process protection either, unless that condition or prerequisite is independently worthy of due process protection"). Applied here, Scott's allegations that a prison "official recommended that he participate in the sex-offender program and that the parole board has repeatedly denied him parole because he has not completed this program"

7

do not "establish the deprivation of any sort of liberty interest." *McClendon El*, 2025 WL 2027841, at \*4.

Further, Plaintiff was not formally classified as a sex offender.[2] An internal sex-offender classification is not an "atypical and significant hardship rising to the level of a constitutional violation." *Weatherspoon v. Williams*, No. 4:19-cv-1835, 2019 WL 6610041, at \*1 (N.D. Ohio Dec. 5, 2019) (citation modified) (collecting cases); *see also Montalvo v. Snyder*, 84 F. App'x 521, 522 (6th Cir. 2003) (holding that petitioner's claim that his BOP sex offender classification violated his due process rights "was not based on a constitutionally protected liberty or property interest"); *Linton v. Sullivan*, 182 F.3d 917 (6th Cir. 1999) (suggesting that "the act of being labeled a pedophile" cannot itself implicate a liberty interest in the absence of evidence of public dissemination). Plaintiff has not pleaded deprivation of a protected liberty interest and cannot maintain a procedural due process claim. Defendants are thus entitled to qualified immunity on the first prong.[3] Having determined that there was no violation of a constitutional right, it is necessarily also true that no relevant right was clearly established.

---

[2] The Court takes judicial notice of Michigan's sex offender registry. *See Donald Scott*, Mich. Sex Offender Registry, https://mspsor.com/Home/RegistrySearch?firstName =Donald&lastName=Scott&registrationNumber=&Address=&City=&County=&Zip = [https://perma.cc/S9L3-ACL3] (last visited July 11, 2025).

[3] Because the first prong is coterminous with a determination of the merits, the Court conclusion has the same effect as a determination that a plaintiff has failed to state a claim in a case that does not involve qualified immunity.

B. *Qualified Immunity Burdens*

After a defending official initially raises qualified immunity, the plaintiff bears the burden of showing that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). But here Plaintiff failed entirely to respond to Defendants' motion. He thus has not carried his burden and shown that Defendants are not entitled to immunity, and in particular that the right he alleges was clearly established. *Kemper v. City of Jackson*, No. 1:22-cv-02689, 2025 WL 336211, at *3 (W.D. Tenn. Jan. 24, 2025) (noting that "where a defendant raises qualified immunity, a plaintiff's failure to adequately address this defense means they 'cannot meet [their] burden to show that [the defendant] is not entitled to qualified immunity'") (quoting *Paul v. Whitley Cnty., Ky., Det. Ctr.*, No. 24-5142, 2024 WL 4362260, at *2 (6th Cir. Sept. 30, 2024)) (holding that a plaintiff forfeited the issue of qualified immunity by failing to respond). Plaintiff's failure further bolsters Defendants' entitlement to qualified immunity.

III.   Declaratory Relief

a. *Standing*

Next, Defendant argued that Plaintiff lacks standing on his claims for prospective relief, or that in the alternative they are moot. ECF No. 47, PageID.530–535. Article III of the Constitution limits the federal courts to adjudication of actual cases or controversies. U.S. Const. art. III, § 2. The doctrine of standing requires that the plaintiff have a personal interest in the litigation at the beginning of the suit. *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 170 (2000). In

the context of prospective relief, to have standing a plaintiff must be "immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation modified).

Plaintiff has standing on his claims for prospective relief. Plaintiff referred to the alleged incident, sex-offender classification and MSAPP requirements, as an "ongoing violation of federal law." ECF No. 1, PageID.10. The Court will not dismiss Plaintiff's claims for declaratory relief on the basis that he lacks standing.

*b. Merits*

The Court will, however, dismiss Plaintiff's claim for declaratory relief because it fails on the merits. As the Court explained above, Plaintiff's allegations do not rise to the level of a due process violation. When a plaintiff's substantive claims fail, the request for declaratory relief fails as a matter of law. *Jamil v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 24-1481, 2025 WL 398546, at *6 (6th Cir. Feb. 4, 2025). The Court will dismiss the claim for declaratory relief.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [47] is **GRANTED IN PART** as described above.

**IT IS FURTHER ORDERED** that the motion for leave to file excess pages [46] is **GRANTED**.

10

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 24, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager